VAN SLAMBROUCK *v.* MacDONALD.

REFORMATION OF INSTRUMENTS—MISTAKE—EVIDENCE—TAXES.
> Agreement between vendor and purchaser of lands whereby defendant vendors agreed to pay the city taxes for a given year and plaintiff purchasers agreed to pay the county taxes for the same year is reformed to require the defendants to pay the school taxes also, where they were assessed on the city tax roll for the year involved, and appeared on the city tax statement and the agreement was signed by plaintiffs on the representation by defendants' attorney that if there was any error or mistake therein it would be corrected.

Appeal from Macomb; Noe (Alton H.), J. Submitted October 9, 1951. (Docket No. 62, Calendar No. 45,119.) Decided January 7, 1952.

Bill by Charles L. Van Slambrouck and others against Stuart MacDonald and wife to reform a written instrument. Decree for plaintiffs. Defendants appeal. Affirmed.

*Carl Z. Millen,* for plaintiffs.

*William Murray,* for defendants.

REID, J. The plaintiffs instituted an equity action to reform a written memorandum dated August 31, 1948, on the grounds that a mutual mistake existed as to the amount of the 1946 Macomb and St. Clair

---

REFERENCES FOR POINTS IN HEADNOTES
45 Am Jur, Reformation of Instruments § 46.

county taxes, set forth in said memorandum, which county taxes plaintiffs claim were erroneously computed to include school taxes as payable by plaintiffs, whereas as plaintiffs claim, the school taxes were payable by defendant Stuart MacDonald. From a decree for plaintiffs, defendants appeal.

On June 13, 1946, the plaintiffs, as sellers, sold by land contract to the defendants, as purchasers, a tract of land in the city of New Baltimore, lying partially in Macomb county and partially in St. Clair county.

On August 7, 1948, the parties hereto entered into an agreement for the settlement of the 1946 delinquent city and county taxes, which agreement provides, so far as pertinent, as follows:

"1. Stuart MacDonald shall personally out of his own funds pay up city of New Baltimore taxes of every kind and description of 1946 including interest, penalties if any, et cetera.

"2. The sellers will personally likewise pay the delinquent 1946 county taxes including interest, penalties if any, et cetera, for Macomb and St. Clair counties."

By this agreement, the plaintiffs agreed to pay only the 1946 county taxes, including interest and penalties, if any, for Macomb and St. Clair counties, and the defendant Stuart MacDonald agreed to pay city of New Baltimore taxes of every kind and description for 1946, including interest and penalties, if any.

Thereafter the parties on August 31, 1948, met in the office of Mr. McKenney, then attorney for defendants, for the purpose of fulfillment of the land contract by payment of balance by MacDonald and making of a deed by plaintiffs, and there seems to have existed at that time an emergency by reason of necessity for defendant MacDonald receiving a deed

so that he could resell some of the lots covered by the land contract, there being, however, then and there available no precise statement of taxes showing how much the taxes were that plaintiffs should pay under the agreement of August 7th and how much the taxes were that defendant Stuart MacDonald should pay under that agreement. Such necessary tax statements could only be obtained from the county treasurer at Mt. Clemens and from the county treasurer at Port Huron, as the lands were partly in Macomb county and partly in St. Clair county.

It is the testimony of Irving F. Fritz, city treasurer for the city of New Baltimore, and Frank Smith, deputy treasurer of Macomb county and also city assessor of New Baltimore, that prior to 1948 the school taxes were in each year assessed as a portion of the city taxes on the tax roll. Witness Fritz also testified that the school taxes for 1946, the year in question, appeared on the city tax statement. The 1946 tax statements issued showed school taxes assessed on the city tax roll. Defendant Stuart MacDonald's contention that plaintiffs should pay the school taxes for 1946 was the subject matter in dispute between the parties when they met on August 31, 1948.

The intention of the parties in the agreement of August 7, 1948 was that they be governed by the tax statements issued for the year 1946. The school taxes were therefore for defendant Stuart MacDonald to pay under the agreement of August 7, 1948.

At the meeting of the parties, August 31, 1948, the memorandum drafted by McKenney, attorney for defendants, charged plaintiffs with $796.11 as plaintiffs' share of back taxes, to which plaintiff Charles L. Van Slambrouck objected, saying he understood it to be "in the neighborhood of less than $400." At the time plaintiffs signed the agreement of August 31, 1948, Mr. McKenney agreed that if there was any

error or mistake in the memorandum it would be corrected, in reliance on which promise plaintiffs signed the memorandum which required the plaintiffs to pay $796.11 of the total taxes due against the property.

There being no dispute as to the actuality of the promise by defendant through his attorney McKenney and plaintiffs' reliance thereon, the memorandum should be reformed to comply with the intention of the parties and the promise by McKenney. See *Schwaderer* v. *Huron-Clinton Metropolitan Authority,* 329 Mich 258, 270, 271. The decree appealed from provided such reformation and substituted the amount of $351.74 as sellers' share of back tax in lieu of $796.11, and required defendants to pay to plaintiffs $443.28, which includes the amount of school taxes and interest, penalties and collection fees charged against defendants as part of the 1946 city of New Baltimore tax statement. We affirm the decree appealed from. Costs to plaintiffs.

NORTH, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred. BUTZEL, J., did not sit.